UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OHENE BOAYKE-YIADOM,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: 4:13-cv-3076 KAW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

On September 4, 2013, Plaintiff Ohene Boakye-Yiadom filed the instant Motion to Reconsider Request for a Court-Appointed Attorney. He is proceeding *pro se* in this social security case. As papers filed by *pro se* litigants must be liberally construed, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the court treats Plaintiff's filing as a motion for reconsideration, notwithstanding his failure to obtain leave from the court prior to filing such papers. For the reasons set forth below, Plaintiff's motion is denied.

## I. BACKGROUND

On July 19, 2013, Plaintiff filed a motion requesting that the court appoint an attorney to represent him in this matter. (Mot. Court-Appointed Attorney, Dkt. No. 6.) In the motion, Plaintiff requested a court-appointed attorney "first, for the SSDI case, and second, if possible for the medical malpractice and impending human rights violation cases[1]." (*Id.* at 4.) Plaintiff also included a list of attorneys he has attempted to retain in the past, all of whom allegedly turned him away due to his "indigent status and the systemic conspiracy against [him]." (*Id.* at 3.) Plaintiff

---

[1] These other cases are not before this court.

1

asserted that he "need[ed] the help of a lawyer to help [him] break through the conspiracies and the walls of obstruction, and, get a favorable decision . . . ." (*Id.* at 5.)

The court granted Plaintiff's motion in part and referred Plaintiff to the Federal Pro Bono Project.[2] (July 29, 2013 Order Granting in Part Pl.'s Mot. Court-Appointed Attorney at 2, Dkt. No. 7.) The court denied Plaintiff's request for court-appointed counsel. (*Id.* at 1.) In its order, the court explained that there is generally no right to appointed counsel in a civil action and that the court, in its discretion, may appoint counsel upon a finding of exceptional circumstances. (*Id.*) (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978).) The court further explained that when determining whether exceptional circumstances exist, the court evaluates plaintiff's likelihood of success on the merits and plaintiff's ability to articulate his or her claims in light of the complexity of the legal issues involved in the case. (July 29, 2013 Order Granting in Part Pl.'s Mot. Court-Appointed Attorney at 1.)

The court did not find exceptional circumstances. (*Id.* at 2.) Specifically, the court determined that Plaintiff was not likely to be successful on the merits of the case, that the legal issues involved did not appear to be complex, and that the only difficulty Plaintiff might encounter was focusing on the issue in this case—whether the ALJ's decision to deny him SSI benefits because Plaintiff was neither a United States citizen nor an eligible alien was based on legal error or not supported by substantial evidence. (*Id.*)

On September 4, 2013, Plaintiff filed the instant Motion to Reconsider Request for a Court-Appointed Attorney.[3] (Mot. Reconsideration, Dkt. No. 13.) In the motion, Plaintiff asks that the court reconsider its decision "and appoint a compassionate, sincere and objective attorney

---

[2] In the instant motion, Plaintiff states that he has "already tried to use the Pro Bono office at the aforesaid Court, and [he] was given the same Jim Crow treatment in congruence with the systemic conspiracy, which [he] face[s]." Mot. Reconsideration at 2.

[3] The instant motion was preceded by an appeal of this court's prior order denying Plaintiff's request for a court-appointed attorney. Notice of Appeal, Dkt. No. 10. Plaintiff subsequently moved to voluntarily dismiss that appeal. Sept. 5, 2013 Order, Dkt. No. 14. The Ninth Circuit granted Plaintiff's motion. *Id.*

2

to represent [him]." (*Id.* at 2.) The court treats this filing as a proper motion for reconsideration, notwithstanding Plaintiff's failure to obtain leave from the court prior to filing the motion. *See Hebbe*, 627 F.3d at 342; Civil Local Rule 7-9(a). For the reasons set forth below, the court denies Plaintiff's motion.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits the court to grant a party relief from a final judgment, order, or proceeding upon a showing of:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

To prevail on a motion based on subparagraph (6), the moving party must show extraordinary circumstances justifying relief. *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (rejecting the argument that a change in the interpretation of the Antiterrorism and Effective Death Penalty Act's statute of limitations, after a case was no longer pending, qualified as exceptional circumstances warranting relief under Rule 60(b)(6)); *Ackermann v. United States*, 340 U.S. 193, 199 (1950) (movant's assertions that the denaturalization judgment was erroneous, that he did not appeal on advice of counsel, and that he relied on other advice in his decision-making did not show extraordinary circumstances justifying relief under Rule 60(b)(6)). Subparagraph (6) is to be used "sparingly as an equitable remedy to prevent manifest injustice." *Lai v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (attorney's gross negligence resulting in dismissal for failure to prosecute constitutes extraordinary circumstances warranting relief under Rule 60(b)(6)) (internal quotations and citation omitted); *Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (recognizing that Rule 60(b)(6) is a "catch-all" provision to be used sparingly as an equitable remedy to prevent manifest injustice when

3

extraordinary circumstances are present); *U.S. v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (movant's assertion that it was possibly denied a competent fact-finder when their treaty status was decided did not constitute extraordinary circumstances for the purposes of Rule 60(b)(6)).

### III. ANALYSIS

None of Plaintiff's arguments satisfy the requirements of Rule 60(b) to warrant granting him relief from this court's previous order. In his moving papers, Plaintiff requests that this court "make equity considerations in evaluating [his] request for a court-appointed attorney." (Mot. Reconsideration at 4.) Plaintiff asserts that he faces "extreme cruelty, a loss of liberty and imminent death." *(Id.)* He argues that "without an attorney to represent [him], there is already a clear imbalance of representation, which in itself tilts the balance of justice against [him]." *(Id.)* He also argues that "[a]n unfavorable outcome may prejudicially or (un)prejudically deprive [him] of [his] private rights (including his life)." *(Id.)* Plaintiff further challenges this court's finding, which he characterizes as a finding "that [he] did not address the ALJ's theory of citizenship."[4] *(Id.* at 5.)

Construing, as this court must, Plaintiff's papers liberally, the only possible ground for relief under Rule 60(b) is subparagraph (6), which requires that a party moving for reconsideration show extraordinary circumstances justifying relief from the court's order. *See Gonzalez*, 545 U.S. at 536. To that end, Plaintiff's most plausible argument is that this court erred by finding that he did not address the ALJ's theory of citizenship.[5] (Mot. Reconsideration at 5.) Plaintiff asserts that he has "adequately addressed . . . the non-citizenship eligibility issue, because [he] ha[s] shown that [he is] either a Qualified Alien [with]in the meaning of the Act or a PRUCOL, also [with]in the meaning of the Act." *(Id.* at 6-7.) Plaintiff asserts "that there are

---

[4] The court's finding was follows: "Although Plaintiff has not yet filed his motion for summary judgment, his complaint does not explain why the ALJ's decision was 1) based on legal error or 2) not supported by substantial evidence in the record as a whole." July 29, 2013 Order Granting in Part Pl.'s Mot. Court-Appointed Attorney at 1 (citing 42 U.S.C. §405(g)).

[5] The court bases its analysis on Plaintiff's characterization of the court's finding.

4

1  exceptions to the eligibility requirement rule . . . that [he] adequately addressed . . . in all [his]
2  submissions, from claim stage to the complaint on file." (*Id.* at 5.) He continues:

> Let me reiterate then that as a noncitizen claimant of SSDI my eligibility is defined by two categories of applicable law, namely "Qualified Alien" (QA) and Permanent Residence under Color of Law or "PRUCOL." Please see 20 CFR 404 & 416, 45 FR 5208 (as amended) 8 USC 1641, and Public Law 108-190. ALJ Parks attempted to debunk my eligibility category as a "QA," [Ex. 1]; however he ignored all arguments of fraud that I raised. I raised the same arguments in Ex. "OBY," my statement of the Appeal Council at pages 12-16. At pages 9-13 of Ex. 2, I addressed these issues regarding my eligibility as a "QA." Moreover, nowhere in his decision does ALJ Parks address the issue of PRUCOL that I raised as one of my eligibility categories. I have addressed this issue at pp. 33-37 of complaint on file, pp. 18-20 of Ex. "OBY" and pp. 1, 3 and 12-14 of Ex. 2.

*Id.* (quotations, citations, and errors are as they appear in original). Plaintiff adds that in the "complaint on file, [he] ha[s] described the ALJ's decision as one in plain error, partly for reasons regarding his analysis of [his] noncitizen eligibility status . . . [and] intend[s] to reiterate these arguments in [his] motion for summary judgment." *Id.*

Plaintiff is correct that he addresses the ALJ's theory of citizenship in the various exhibits to his complaint and that he characterizes the ALJ's decision as an abuse of discretion. (*See, e.g.,* Compl., Ex. 2 at 1, 9.) However, the two-page complaint does not contain similar assertions, as it is the standard Social Security complaint form available on the court's website. (Compl. at 1, 2.) In any event, even after taking into account the content Plaintiff cites in the instant motion, Plaintiff has not shown exceptional circumstances warranting relief from the court's order pursuant to Rule 60(b)(6). Nor has he established that he is entitled to relief under any other grounds set out in Rule 60.

Pro se litigants do not automatically qualify for court-appointed counsel in civil actions. *See Wood v. Housewright*, 900 F.2d 1332, 1336 (9th Cir. 1990) (district court did not abuse its discretion by declining to appoint counsel in pro se prisoner case where the only claimed exceptional circumstances were difficulties "any litigant would have in proceeding pro se"). This is essentially the position Plaintiff asserts in his motion for reconsideration, and the court disagrees with it. Every pro se plaintiff who appeals from a ruling by the Commissioner of Social

5

Security faces the same hurdles. As the court has explained in its prior order, this case does not present extraordinary circumstances. This means that Plaintiff is not entitled to court-appointed counsel. *See Agyeman*, 390 F.3d at 1004. Because Plaintiff has not shown extraordinary circumstances justifying relief under Rule 60(b)(6) or established that he is entitled to relief on any other grounds set out in Rule 60, Plaintiff is also not entitled to reconsideration. *See Gonzalez*, 545 U.S. at 536.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: October 11, 2013

KANDIS A. WESTMORE
United States Magistrate Judge