UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OHENE BOAYKE-YIADOM,<br><br>        Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: 4:13-cv-3076 KAW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND FOR DEFAULT JUDGMENT |

Before the court is Plaintiff Ohene Boakye-Yaidom's motion to strike and motion for default judgment. Plaintiff proceeds *pro se* and *in forma pauperis.* The parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c). Plaintiff's motion is denied for the reasons set forth below.

**I.    BACKGROUND**

On July 2, 2013, Plaintiff filed a complaint, seeking judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) That same day, the Clerk filed a "Procedural Order for Social Security Review Actions." (Procedural Order, Dkt. No. 3.) That order states that the Commissioner shall file an answer within 90 days of receipt of service of the summons and complaint. (*Id.* at 1.) It also states that Plaintiff is to file and serve a motion for summary judgment or for remand within 28 days of service of the Commissioner's answer. *(Id.)*

The Commissioner filed an answer to the complaint on October 15, 2013. (Ans., Dkt. No. 17.) On October 22, 2013, Plaintiff requested that the clerk enter default against the Commissioner. (Mot. for Entry of Default, Dkt. No. 23.) In the request, Plaintiff asserted that the

1  Commissioner's answer was untimely, and that she had otherwise failed to appear, plead, or
2  defend. (*Id.* at 2.) The Clerk declined to enter default. (Declination of Default, Dkt. No. 24.)
3      On November 1, 2013, Plaintiff filed a document captioned "Re: Plaintiff's Motion to
4  Strike Defendant's Answer Fed. R. Civ. Proc. 12(f)[] or Order Default Judgment." (Mot. to
5  Strike, Dkt. No. 25). In the motion, Plaintiff requests that the court strike the Commissioner's
6  answer as untimely and her affirmative defenses as defective. (Mot. to Strike at 1.) Plaintiff also
7  requests that the court enter default judgment against the Commissioner. *(Id.)* The
8  Commissioner filed an opposition to the motion on November 15, 2013. (Opp'n, Dkt. No. 15.)
9  Plaintiff filed a reply on November 21, 2013.[1] (Reply, Dkt. No. 30.)

## II.  DISCUSSION

### A.  Plaintiff's request to strike the Commissioner's answer lacks merit.

Plaintiff seeks to strike the Commissioner's answer on the following grounds: (1) the Commissioner's answer was untimely, (2) the asserted affirmative defenses "fail[] to state reasons sufficient and specific to buttress the allegations in plaintiff's complaint," (3) "[t]he averments are not supported with pertinent and significant facts and legal authorities," (4) admissions may moot the answer; (5) "[t]he answer is not verified and signed." (Mot. at 3.)

#### 1.  The Commissioner filed a timely answer.

Plaintiff asserts that he served the Commissioner and the United States Attorney in San Francisco on July 2, 2013. (Mot. to Strike at 4.) Plaintiff also asserts that the United States Marshal served the Commissioner via mail on July 12, 2013. (*Id.* at 3.) Plaintiff argues that the Commissioner should have filed an answer within the 60 day deadline set out in Federal Rule of Civil Procedure 12(a)(2) or the 90 day deadline set forth in Federal Rule of Civil Procedure 12(a)(1)(A)(ii). (*Id.*) Based on these purported dates of service and suggested deadlines, Plaintiff contends that the Commissioner should have filed her answer no later than October 10, 2013. (*Id.* at 4.) Plaintiff's position is without merit.

---

[1] In the reply, Plaintiff requests that the court take judicial notice "of the whole history of [his] claim(s)." (Reply at 6.) The court is not sure what Plaintiff means by "the whole history of his claim(s)," but reminds Plaintiff that the court's review is limited to the administrative record. *See* CIVIL L.R. 16-5. For that reason, the court denies Plaintiff's request.

United States District Court
Northern District of California

1      As a preliminary matter, Civil Local Rule 16-5 and the Procedural Order filed in this case
2 require that the Commissioner serve and file an answer "within 90 days of receipt of service of
3 the summons and complaint." CIVIL L.R. 16-5; Procedural Order at 1.  The court thus rejects
4 Plaintiff's argument that the Commissioner should have filed an answer within 60 days, as 90
5 days is the applicable time period within which the Commissioner is to file an answer in this case.
6 With respect to Plaintiff's assertion that he served the Commissioner and the United States
7 Attorney on July 2, 2013, the court is unable to discern how Plaintiff could have accomplished
8 service of the summons and complaint on July 2, 2013 given that the Clerk did not issue a
9 summons in this case until July 9, 2013.  (Summons, Dkt. No. 5.)  As for Plaintiff's contention
10 that the United States Marshal served the Commissioner on July 12, 2013, the Commissioner
11 correctly points out that service was complete on July 16, 2013, the date the notice form was
12 signed, not July 12, 2013, the date of mailing.  *See Star Varga v. United Airlines*, No. C 09-2278
13 SI, 2009 U.S. Dist. LEXIS 64000, at *8 (N.D. Cal. July 24, 2009) ("Service is complete on the
14 date the notice form is executed, provided that it is returned to sender.") (citation omitted).  This
15 is evidenced by the date of signature on the acknowledgment form attached to Plaintiff's motion
16 and filed on the docket.  (Process Receipt and Return, Dkt. No. 8.)
17      Given that the Commissioner was served on July 16, 2013, the deadline for filing an
18 answer was October 15, 2013.  The Commissioner filed her answer on that date.  (Answer, Dkt.
19 No. 17.)  The Commissioner's answer was thus timely filed.  Accordingly, Plaintiff's request to
20 strike the answer as untimely is denied.
21      2.      <u>The affirmative defenses in the Commissioner's answer are sufficient.</u>
22      Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an
23 insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The
24 purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.
25 *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010).  Motions to strike
26 "are generally disfavored because the motions may be used as delay[] tactics and because of the
27 strong policy favoring resolution of the merits."  *Barnes v. AT&T Pension Benefit Plan*, 718 F.
28 Supp. 2d 1167, 1170 (N.D. Cal. 2010).  The ultimate decision under Rule 12(f) lies within the

sound discretion of the court. *Federal Savings & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).

The "Separate and Affirmative Defenses" section of the Commissioner's answer reads:

> 1. In accordance with Section 205(h) of the Social Security Act, 42 U.S.C. § 405(g), Defendant files as part of the answer a certified copy of the transcript of the record including the evidence upon which the findings and decisions complained of are based.
> 2. The remainder of Plaintiff's complaint represents a Prayer for Relief to which no responsive pleading is required.
> 3. The findings of fact of the Defendant are supported by substantial evidence and are conclusive.
> 4. With respect to Plaintiff's request for attorney fees, should Plaintiff prevail and file an application for fees against the United States in accordance with the requirements of 18 U.S.C. § 2412, enacted as part of the Equal Access to Justice Act, the Commissioner reserves the right to oppose any award under this statute.
> 5. With respect to any request for costs, Defendant states that there are no provisions in the Social Security Act for costs to be charged against Defendant Commissioner. However, certain costs charged against the government of the United States can be paid from Judgment Fund by the Department of the Treasury, if so ordered by the court, pursuant to 31 U.S.C. § 1304. The award must be certified by the Office of the United States Attorney to the Department of the Treasury for payment.

(Answer at 2, Dkt. No. 17.)

Having reviewed the Commissioner's answer, the court finds that Plaintiff's request to strike the Commissioner's affirmative defenses is without merit. The content of the answer relates to the issues in this case, specifically, whether the decision of the Commissioner was supported by substantial evidence. The Commissioner's filing is sufficient to put Plaintiff on notice of the position the Commissioner will advance in this case, and Plaintiff is free to challenge that position in his motion for summary judgment. The court therefore denies Plaintiff's request to strike the Commissioner's affirmative defenses.

3. <u>The Commissioner's admissions "do not moot the answer."</u>

In his motion, Plaintiff argues that the Commissioner's "[a]dmissions at '2' and '3' of the 'Answer' may moot the 'Answer.'" (Mot. to Strike at 8.) The relevant portions of the Commissioner's answer state: "Defendant admits the allegation contained in Paragraph 2[,]" and

4

"Defendant admits the allegations contained in Paragraph 3."  (Answer at 1.)  Paragraph 2 of Plaintiff's complaint reads:  "The plaintiff complains of a decision which adversely affect[s] the plaintiff in whole or in part.  The decision has become the final decision of the Commissioner for the purpose of judicial review and bears the following caption . . . ."  (Compl. ¶ 2.)  Paragraph 3 of Plaintiff's complaint reads:  "The plaintiff has exhausted administrative remedies in this matter and this court has jurisdiction pursuant to Title 42, U.S.C. § 405(g)."

Upon review of the relevant portions of Plaintiff's complaint and the Commissioner's answer, the court rejects Plaintiff's argument that the Commissioner's admissions "moot the answer."  The admissions of the Commissioner merely acknowledge that the decision being challenged is ripe for review by this court.  Therefore, the motion to strike based on mootness is denied.

4.     The answer conforms to applicable procedural filing requirements.

Plaintiff argues that the Commissioner's answer and affirmative defenses are not verified and signed and must therefore be stricken.  (Mot. to Strike at 10.)  He asserts that the copy of the answer he received "was not court-stamped and, not signed." *(Id.)*  He contends that an unsigned answer "may not offer a valid affirmative defense" and that the court may strike such an answer. *(Id.)*  He also asserts that even though the answer was electronically filed, his copy was mailed and should have been signed. *(Id.)*

Contrary to Plaintiffs' assertion, even in cases where a plaintiff is required to verify the complaint, "[a]nswers need not be verified by the defendant."  WILLIAM W. SCHWARZER, ET AL., FEDERAL PRACTICE AND PROCEDURE BEFORE TRIAL ¶ 8:1077 (9th ed. 2013.)  Plaintiff's request to strike the answer on this basis is therefore denied.  Plaintiff's argument that the copy of the answer he received was not stamped by the court and signed is also unavailing.  Civil Local Rule 5-1(i) provides that "[i]n the case of a Signatory who is an ECF user, [a] document shall be deemed signed, regardless of the existence of a physical signature on the document, provided that such document is filed using the user ID and password of the Signatory."  The rule further states any filing submitted in accordance with this method "shall bind the Signatory as if the document was physically signed and filed, and shall function as the Signatory's signature whether for the

1 purposes of Rule 11 . . . , to attest to the truthfulness of an affidavit or declaration, or for any other
2 purpose." CIVIL L.R. 5-1(i)(1). In light of these requirements, the court finds no support for
3 Plaintiff's argument that the copy of the answer he received should have been stamped by the
4 court and signed. In fact, the copy of the answer Plaintiff attached to his motion includes, on all
5 three pages, the running header created by the court's electronic case filing system. The filing
6 attorney's typewritten name also appears in the signature block on the last page of the answer.
7 This is consistent with the applicable Civil Local Rules. The court thus rejects Plaintiff's
8 argument that the answer should be stricken because the copy he received did not contain wet-ink
9 signature.

For the reasons stated above, Plaintiff's request to strike the Commissioner's answer is denied.

### B.    Plaintiff's request for default judgment is improper.

Plaintiff asserts that the court may still order a default judgment against the Commissioner even though the Clerk has not entered default against her. (Mot. to Strike at 5.) This argument lacks merit.

Under Federal Rule of Civil Procedure 55, the Clerk must enter a party's default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." A court may enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001).

As discussed above, the Commissioner's answer was timely filed. The Commissioner is not in default, and a default judgment by this court would therefore be improper. Accordingly, Plaintiff's request for default judgment is denied.

### III.    CONCLUSION

For the reasons set forth above, Plaintiff's motion to strike and for default judgment is denied. Furthermore, the court notes that the deadline for Plaintiff's motion for summary judgment has passed and hereby orders Plaintiff to file his motion for summary judgment within

28 days of the date of this order. The court puts Plaintiff on notice that failure to comply with this deadline may result in dismissal of this case for failure to prosecute.

IT IS SO ORDERED.

Dated: December 18, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge