**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OHENE BOAKYE-YIADOM,<br><br>  Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No.: 4:13-cv-03076-KAW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE FOR FURTHER PROCEEDINGS |

Ohene Boakye-Yiadom ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). Pending before the Court are the parties' cross-motions for summary judgment. Having considered the papers filed by the parties, the administrative record, and the relevant legal authority, the Court GRANTS Plaintiff's motion for summary judgment, DENIES the Commissioner's motion for summary judgment, and REMANDS this case for further proceedings consistent with this order.

**I.   BACKGROUND**

On January 20, 2010, Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI"). (Administrative Record ("AR") at 83-85.) The Social Security Administration ("SSA") denied the application initially and on reconsideration because Plaintiff was not a citizen or eligible alien. (*Id.* at 58-64, 68.)

Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id.* at 73-75.) ALJ Benjamin Parks held a hearing on July 11, 2011. (*Id.* at 291.) At the hearing, Plaintiff testified that

he was 58 years old, possessed a master's degree in international affairs, and first entered the United States in 1995. (*Id.* at 295.) As to his immigration status, Plaintiff testified that his petition for citizenship had been pending since 1994 and that he was currently "in withholding of deportation and removal, and . . . advanced parole" since the year prior to the administrative hearing. (*Id.* at 295, 296.) Plaintiff also stated that while he was not a citizen or in possession of a green card, he was a qualified alien. (*Id.* at 296.)

The ALJ issued an unfavorable decision on August 12, 2011. (*Id.* at 11-16A.) He determined that Plaintiff was not eligible for SSI because he failed to meet his burden of proof in establishing that he meets the alien status eligibility criteria for the program. *(Id.* at 16.) The ALJ determined that Plaintiff had not provided any documentation showing that a voluntary departure had been granted for an indefinite period, that the employment authorization card was insufficient to establish the granting of such relief, and that the SSA was bound to follow the immigration decision in the record as the controlling document with respect to Plaintiff's immigration status. *(Id.)*

Plaintiff requested that the Appeals Council review the ALJ's August 13, 2011 decision. (*Id.* at 7.) The Appeals Council denied review on May 2, 2013, and the ALJ's decision became the final decision of the Commissioner. (*Id.* at 3-6.) Plaintiff now seeks judicial review of that decision pursuant to 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.)

The following immigration-related documents are part of the administrative record. First, a Form I-797C, dated May 17, 2010, indicates that Plaintiff's application for an employment authorization document was received and that the next step in the process required him to have his biometrics taken. (*Id.*) Second, another Form I-797C dated May 19, 2010 states that Plaintiff was to appear for a biometrics appointment scheduled for June 10, 2010 at 8:00 a.m. (*Id.* at 111.) Third, a screen shot of the U.S. Citizenship & Immigration Services website shows that on July 14, 2010, the agency ordered production of Plaintiff's employment authorization card. (*Id.* at 112.) Fourth, a copy of an employment authorization card, valid from July 16, 2010 to July 15, 2011, with a category "A10" notation appearing on the face of the card. (*Id.* at 158.) Fifth, a Form 1-797C, dated June 13, 2011, indicating that an application for employment authorization was received and in progress. (*Id.* at 160.)

The record also includes a copy of an October 8, 1999 decision from Immigration Judge Alberto E. Gonzalez.  (*Id.* at 113-21.)  In that decision, Judge Gonzalez affirmed a September 3, 1998 determination that the INS[1] had proved, by clear, convincing, and unequivocal evidence, that (1) Plaintiff was admitted to the United States on or about February 20, 1995, as a non-immigrant visitor for business with authorization to remain for a temporary period not to exceed August 19, 1995, but remained in this country beyond that date without authorization and (2) removability .  (*Id.* at 113-14.)

Judge Gonzalez noted that Plaintiff provided documentation that Canada had granted him permanent residence status.  (*Id.* at 114.)  He thus denied Plaintiff's asylum application[2] as it related to Ghana because Plaintiff had firmly resettled in Canada prior to entering the United States.  (*Id.* at 117.)  He also denied Plaintiff's application for asylum as it related to Canada, citing lack of credibility as the reason for the denial.  *(Id.)*  Judge Gonzalez, however, granted Plaintiff "withholding of removal under section 241(b)(3) of the Act, as well as withholding of removal under the Torture Convention, with respect to Ghana."  (*Id.* at 113.)  He also granted Plaintiff "voluntary departure to Canada or to some other country of [Plaintiff's] choice to which [Plaintiff] is admissible."  Judge Gonzalez also designated Canada as the country of removal, with Ghana, Plaintiff's country of origin, as an alternative country of removal, in case removal became necessary. (*Id.* at 113, 114.)  In his decision, Judge Gonzalez clarified that "[a]lthough the Court [wa]s granting [Plaintiff] withholding of removal and withholding under the Torture Convention with respect to Ghana, it [wa]s nonetheless denying all applications and claims with respect to Canada."  (*Id.* at 120.)

---

[1] The functions of the Immigration and Naturalization Service ("INS") now fall within the purview of the U.S. Department of Homeland Security, specifically, its Bureau of Citizenship and Immigration Services.  6 U.S.C. §§ 111, 271, 291.  To remain consistent with the language that appears in the relevant statutes, the Court will use the term INS.

[2] The record indicates the INS acknowledged receipt of a previous asylum application dated December 15, 1994.  *Id.* at 285.  That application was denied because Plaintiff did not appear for his asylum interview.  *Id.* at 286.

3

In the order corresponding to the decision, Judge Gonzalez granted Plaintiff "the privilege of voluntary departure until December 1, 1999, or any extensions beyond that date as may be given to [Plaintiff] by the INS District Director but under whatever conditions he may establish." *(Id.)* The order further provided:

> If [Plaintiff] remains in the United States beyond the Dec. 1, 1999 date above, other than because of exceptional circumstances beyond his control, such as his own serious illness but not including less compelling circumstances, he will become ineligible for cancellation or removal, adjustment of status, change of status, registry and voluntary departure for ten years after the date he is scheduled to appear for removal. In addition, his voluntary departure bond, if any, will be breached and he will become subject to a civil penalty of not less than $1,000 and not more than $5,000.

(*Id.* at 120-21.) In the order, Judge Gonzalez also put Plaintiff on notice that if he did appeal the decision, he would not be required to leave the country during the pendency of the appeal. *(Id.)*

## II.   LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the decision is 1) based on legal error or 2) not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Id.* at 1098. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that undermines the Commissioner's decision. *Id.* "Where evidence is susceptible to more than one rational interpretation, the [Commissioner's] decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). The court, however, may not affirm the Commissioner's decision "simply by isolating a specific quantum of supporting evidence." *Id.* (internal quotations and citations omitted). Furthermore, the court's review is limited to the reasons the ALJ provided in the disability determination. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *see also Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The court "may not affirm the ALJ on a ground upon which the he did not rely.").

### III.   ANALYSIS

Plaintiff argues that he is entitled to summary judgment because the ALJ erred in determining whether Plaintiff met the qualified alien eligibility requirement or was otherwise eligible for SSI as an alien permanently residing in the United States under color of law ("PRUCOL").[3]  (Pl.'s Mot. Summ. J. at 3, 4, Dkt. No. 41.)

SSI is a need-based program that provides additional income to low-income individuals who are blind, disabled, or 65 or older.  42 U.S.C. § 1381.  In general, aliens are not eligible to receive federal public benefits, including SSI.  *See* 8 U.S.C. §§ 1611(a), 1612(a).  There are, however, two exceptions.

First, a disabled alien who is a "qualified alien" within the meaning of 8 U.S.C. § 1641 is, under certain circumstances eligible for such benefits.  8 U.S.C. § 1812(a)(2)(F).  "Qualified aliens" include legal permanent residents, refugees, asylees, and aliens paroled into the U.S. for at least one year, granted withholding of deportation or removal, granted conditional entry, or those who qualify as "Cuban/Haitian Entrants."  8 U.S.C. § 1641, *see Korab v. Fink*, 748 F.3d 875, 878-79 (9th Cir. 2014).  Being a qualified alien alone does not entitle an applicant to SSI, however.  Such an applicant must also be one of the following:  an alien admitted to the U.S. as a refugee, an alien who was granted asylum, an alien who was granted withholding of deportation, a Cuban/Haitian Entrant, or an alien who was lawfully admitted to the U.S. for permanent residence.  8 U.S.C. § 1612(a)(2)(A).  Persons who enter as refugees, are granted asylum, or whose deportation has been withheld are eligible only for the first seven years after the date that status is granted.  *Id.*

Second, a disabled alien who is not a "qualified alien" but is "permanently residing in the United States under color of law" may be eligible for SSI subject to certain conditions.  *See* 8 U.S.C. § 1611(b)(5);  20 C.F.R. § 416.202(b)(3).  Aliens who are permanently residing in the United States

---

[3] The Court rejects Plaintiff's argument that Civil Local Rule 16-1 is unconstitutional because it allows for resolution of Social Security cases by way of cross-motions for summary judgment.  While Plaintiff is correct that motions for summary judgment typically occur after there has been an opportunity for discovery, in Social Security cases, the court's review is limited to the administrative record, and thus, discovery is not appropriate.  *Haseltine v. Astrue*, 668 F. Supp. 2d 1232, 1233 (N.D. Cal. 2009) ("[E]xtra-record discovery is not appropriate when the court's jurisdiction is to review the administrative record only."); *Moke v. Celebrezze*, 236 F. Supp. 174, 175 (N.D. Cal. 1964) (review of an ALJ's decision is limited to the administrative record).

under color of law include: (1) aliens admitted to the United States pursuant to 8 U.S.C. § 1153(a)(7) (governing condition entry of refugees), (2) aliens paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) (governing aliens paroled into the United States upon appropriate determination by the Attorney General), (3) aliens residing in the United States pursuant to an indefinite stay of deportation, (4) aliens residing in the United States pursuant to an indefinite voluntary departure, (5) aliens on whose behalf an immediate relative petition has been approved and their families covered by the petition who are entitled to voluntary departure and whose departure the INS does not contemplate enforcing, (6) aliens who have filed applications for adjustment of status pursuant to section 245 of the Immigration and Nationality Act that the INS has accepted as properly filed and whose departure the INS does not contemplate enforcing, (7) aliens granted stays of deportation by court order, statute, regulation, by an individual determination of the INS and whose departure the INS does not contemplate enforcing, (8) aliens granted asylum pursuant to section 208 of the Immigration and Nationality Act, (9) aliens admitted as refugees pursuant to section 207 of the Immigration and Nationality act or section 203(a)(7) of the Immigration and Nationality Act, (10) aliens granted voluntary departure pursuant to section 242(b) of the Immigration and Nationality Act or 8 C.F.R. § 242.5 whose departure the Immigration and Naturalization Service does not contemplate enforcing, (11) aliens granted deferred action status, (12) aliens residing in the United States under orders of supervision, (13) aliens who have entered and continuously resided in the United States since before January 1, 1972, (14) aliens granted suspension of deportation pursuant to section 244 of the Immigration and Nationality Act and whose departure the INS does not contemplate enforcing, (15) aliens whose deportation has been withheld, (16) aliens granted lawful temporary resident status, and (17) any other aliens living in the United States with the knowledge and permission of the INS and whose departure that agency does not contemplate enforcing. 20 C.F.R. § 416.1618(b)(1)-(17).

The ALJ's decision reads, in pertinent part:

> While the claimant has raised a number of compelling arguments in his various papers, nevertheless, he does not fit any exception based on the INS Order (Exhibit 19) which is the controlling document in [*sic*] his citizenship status. There is no form I-94 showing that a voluntary departure has been granted by the INS for an indefinite period (20 C.F.R. 416.1618(b)(3)) as the claimant argues. The one year Employment

> Authorization Card is not sufficient to prove this point. None of the other categories set forth in 20 CFR 416.1618(b) is applicable to this claimant. The Social Security Administration is only bound to follow the INS Order until he presents an Order or other appropriate documentation from the INS establishing that he meets an exception to the SSI requirements for citizenship.
>
> The claimant has failed to meet his burden of proof in establishing that he meets the initial eligibility requirements for Supplemental Security Income, both in his failure to provide a final Order showing an indefinite stay of deportation and in his current lack of a legal status that would otherwise meet the eligibility requirements for Supplemental Security Income.

(AR at 16.)

The ALJ, however, did not address Plaintiff's eligibility under any other category. In light of proof of Plaintiff's authorization to work in the U.S., the ALJ erred in so doing. As Plaintiff argues, his employment authorization card "supports [his] contention that [he] is not in removal, the INS knows where [he is], it does not intend to deport or remove [him] or that removal is withheld or suspended." (AR at 147.) The copy of Plaintiff's employment card in the record reads "CARD VALID FROM 07/16/10 EXPIRES 07/15/11." (*Id.* at 158.) A category "A10" notation also appears on the face of the card. *(Id.)* According to the Code of Federal Regulations, this category denotes "an alien granted withholding of deportation or removal for the period of time in that status, as evidenced by an employment authorization document issued by the Service."[4] 8 C.F.R. § 274a.12. The SSA also appears to recognize this in section RM 102.11.420 of its Program Operations Manual ("POMS").[5] That section provides that the employment authorization card of an alien granted withholding of deportation will show "'A-10' under Category."

---

[4] The Court also notes that in cases where an alien is ordered removed, a grant of work authorization is also significant. Title 8 U.S.C. § 1231 provides that:

> No alien ordered removed shall be eligible to receive authorization to be employed in the United States unless the Attorney General makes a specific finding that--
> (A) the alien cannot be removed due to the refusal of all countries designated by the alien or under this section to receive the alien, or
> (B) the removal of the alien is otherwise impracticable or contrary to the public interest.

[5] The POMS "is an internal Social Security Administration manual, for the internal use of the Social Security Administration employees, and has no legal force, and does not bind the Social Security Administration." *Knott v. Barnhart*, 269 F. Supp. 2d 1228, 1234 (E.D. Cal. 2003) (citation omitted). It is, however, persuasive authority. *Hermes v. Sec'y of Health & Human Servs.*, 926 F.2d 789, 791 n.1 (9th Cir. 1991) (citation omitted).

For this reason, then, the ALJ erred when he summarily dismissed Plaintiff's employment authorization card as evidence of his eligibility. On remand, the ALJ shall therefore consider the proper legal effect of Plaintiff's work authorization in determining whether Plaintiff is an eligible alien.[6]

### IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for summary judgment, DENIES the Commissioner's motion for summary judgment, and REMANDS this case for further proceedings consistent with this order.

The Clerk shall close this case.

IT IS SO ORDERED.

DATE: August 19, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

---

[6] The Court rejects Plaintiff's remaining arguments, *see* Pl.'s Mot. Summ. J. at 10, that he is an eligible alien on other grounds, e.g., because he is a "victim of human trafficking" or an asylee. Those claims are not supported by the record.