UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OHENE BOAKYE-YIADOM,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | Case No. 13-cv-03076-KAW<br><br>**ORDER DENYING MOTION FOR PERMISSION TO REOPEN CASE AS MOOT**<br><br>Re: Dkt. No. 57 |

On August 19, 2014, the Court remanded this Social Security case to the Commissioner for further proceedings. (Aug. 19, 2014 Order, Dkt. No. 59.) On February 23, 2015, Plaintiff Ohene Boakye-Yiadom filed a document captioned "Motion for Permission to Re-Open Case Due to Agency's Inordinate Delay in Implementing Court Order, APA 5 555(b), 706(1), Extraordinary Circum. FRCP. 60(b) (6); Alternatively, Injunctive Relief." (Pl.'s Mot., Dkt. No. 57 (spacing and capitalization in original).) The Commissioner filed her opposition to the motion on April 9, 2015. (Def.'s Opp'n, Dkt. No. 61.) Plaintiff's reply followed on April 22, 2015. (Pl.'s Reply, Dkt. No. 61.)

Plaintiff filed the motion on the ground that the Commissioner had not complied with the Social Security Administration's Hearings, Appeals, and Litigation Manual (the "HALLEX") guideline I-2-1-55(D)(4). (Pl.'s Mot. at 12.) That guideline provides:

> A delayed court remand case is over 125 days old (counting from the date of the court's order) or a court remand that the AC remanded to an ALJ a second time. Flag and assign the case immediately. If the AC remanded a second time, assign to a different ALJ.

HALLEX Guideline I-2-1-55(D)(4). Plaintiff claimed that the case had not been assigned to an administrative law judge, even though this Court's remand order was issued on August 19, 2014.

1  (Pl.'s Mot. at 12.)

2  On June 25, 2015, the Court ordered the Commissioner to file a supplemental brief addressing (1) why the Court should not modify its August 19, 2014 remand order to include a deadline for the hearing, and (2) how, if at all, HALLEX guideline I-2-1-55 should affect this Court's decision. (June 25, 2015 Order at 4, Dkt. No. 64.) The Commissioner was given 14 days to file her supplemental brief, and Plaintiff was given the option to file a response to the Commissioner's supplemental brief 14 days after its filing. *(Id.)*

On July 9, 2015, the Commissioner filed her supplemental brief along with a declaration of Eric Jimenez, the Group Supervisor in the SSA's San Francisco Office of Disability Adjudication and Review. (Def.'s Supp. Br., Jimenez Decl., Dkt. No. 66.) Attached to Mr. Jimenez's declaration is a Notice of Hearing, advising Plaintiff that an administrative law judge has scheduled a hearing to take place on August 24, 2015. (Jimenez Decl., Ex. A.)

On July 21, 2015, Plaintiff filed his response to the Commissioner's supplemental brief. (Pl.'s Supp. Br., Dkt. No. 67.) In the filing, Plaintiff acknowledges that a hearing is scheduled for August 24, 2015, but he nonetheless argues that the Court should continue to monitor this case until final decision because of some possible risk of future delay. (*Id.* at 2.) As Plaintiff has now received a Notice of Hearing, Plaintiff's motion is DENIED AS MOOT. The Court rejects Plaintiff's remaining arguments.

IT IS SO ORDERED.

Dated: 07/27/15

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2